UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DEMOCRACY DEFENDERS FUND, et al.,

      Plaintiffs,

      v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

      Defendants.

Civil Action No. 26-1230 (AHA)

**ANSWER**

Defendants U.S. Department of Homeland Security ("DHS"), and its component, U.S. Citizenship and Immigration Services ("USCIS"); U.S. Department of State ("State"); and U.S. Department of Commerce ("Commerce"), by and through undersigned counsel, respectfully submit this Answer to the Complaint filed by Plaintiffs Democracy Defenders Fund ("DDF") and Colombo Hurd, PL ("Colombo Hurd") in this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials in this response. However, Defendants' references are not intended to be, and should not be construed as, an admission that the cited materials are correctly cited or quoted by Plaintiffs; relevant to this, or any other, action; or admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint, including Plaintiffs' entitlement to the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. Defendants respond to the Complaint in corresponding, numbered paragraphs as follows:

**<u>COMPLAINT</u>**

1. Paragraph 1 contains Plaintiffs' characterization of this action, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiffs purport to bring this action under the FOIA but deny that Plaintiffs are entitled to the relief requested.

2. Defendants deny the allegations of this paragraph.

3. Defendants admit only that Colombo Hurd submitted a FOIA request to USCIS dated January 6, 2026. Defendants respectfully refer the Court to the cited request as the best evidence of its contents and deny any allegations inconsistent therewith.

4. Defendants admit that State, DHS, USCIS, and Commerce received FOIA requests from DDF dated February 10, 2026. Defendants respectfully refer the Court to the cited requests as the best evidence of their contents and deny any allegations inconsistent therewith. With respect to the allegation relating to the rationale for Plaintiffs' FOIA request, Defendants lack sufficient information to admit or deny those allegations

5. Defendants admit that DHS and USCIS received FOIA requests from DDF dated February 11, 2026. Defendants respectfully refer the Court to the cited requests as the best evidence of their contents and deny any allegations inconsistent therewith.

6. Defendants admit that they had not, as of the date the Complaint was filed, produced documents responsive to the cited FOIA requests.

7. This paragraph contains legal conclusions to which no response is required.

8. This paragraph contains characterizations of a Senate Report. Defendants respectfully refer the Court to the report itself as the best evidence of its contents and deny any allegations inconsistent therewith.

## JURISDICTION AND VENUE[1]

9.      This paragraph consists of Plaintiffs' legal conclusion regarding jurisdiction, to which no response is required.  To the extent that a response is deemed required, Defendants admit that jurisdiction is proper in this judicial district subject to the terms, conditions, and limitations of the FOIA.

10.      This paragraph consists of Plaintiffs' legal conclusion regarding venue, to which no response is required.  To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district for actions brought under the FOIA.

11.      This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent with its plain text.

12.      This paragraph consists of Plaintiffs' legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer this Court to the Freedom of Information Act and deny any allegations inconsistent with its plain text.

## PARTIES

13.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

14.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15.      Defendants admit that USCIS is an agency within the meaning of FOIA and that USCIS is headquartered in Camp Springs, Maryland.  The remaining allegations in this paragraph

---

[1]      For ease of reference, Defendants reproduce here the headings contained in the Complaint. To the extent these headings could be construed to contain factual allegations, those allegations are denied.

consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

16.   Defendants admit that the U.S. Department of Commerce is an agency within the meaning of FOIA and that Commerce is headquartered in Washington, D.C.  The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

17.   Defendants admit that the U.S. Department of Homeland Security is an agency within the meaning of FOIA and that DHS is headquartered in Washington, DC.  The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

18.   Defendants admit that the U.S. Department of State is an agency within the meaning of FOIA and that State is headquartered in Washington, D.C.  The remaining allegations in this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

## **FACTS**

19.   To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

20.   To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information

sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

21. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

22. Defendants admit that on September 19, 2025, President Trump issued Executive Order 14351, entitled "The Gold Card." Defendants respectfully refer the Court to the cited Executive Order as the best evidence of its contents and deny any allegations in this paragraph inconsistent therewith.

23. Defendants admit that on September 19, 2025, President Trump issued Executive Order 14351, entitled "The Gold Card." Defendants respectfully refer the Court to the cited Executive Order as the best evidence of its contents and deny any allegations in this paragraph inconsistent therewith.

24. To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests. To the extent the allegations in this paragraph are alleged for other

purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

25.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

26.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

27.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

28.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared

to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

29.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

30.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

31.    To the extent the allegations in this paragraph seek to provide background facts in support of allegations of public interest, Defendants presently lack knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.  To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

32.    Defendants deny the allegations of this paragraph.

33.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### *Colombo Hurd's FOIA Request to USCIS: COW2026000979*

34.     Defendants admit only that USCIS received a FOIA request from Colombo Hurd dated January 6, 2026.  Defendants respectfully refer the Court to the cited request as the best evidence of its contents and deny any allegations consistent therewith.  Defendants deny the remaining allegations of this paragraph.

35.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36.     Defendants deny the allegations of this paragraph.

37.     Defendants admit that USCIS assigned the tracking number COW2026000979 to the referenced request.  Defendants deny the remaining allegations of this paragraph.

38.     Defendants admit that, as of the date of this Complaint, USCIS has not provided records responsive to the request.  Defendants deny the remaining allegations of this paragraph.

39.     Defendants deny the allegations of this paragraph.

40.     Defendants deny the allegations of this paragraph.

### *DDF's FOIA Request to DOC: DOC-OS-2026-001004*

41.     Defendants admit only that Commerce received a FOIA request from DDF dated February 10, 2026.  Defendants respectfully refer the Court to the cited request as the best evidence of its contents and deny any allegations consistent therewith.

42.     Defendants admit that the cited FOIA request sought a fee waiver.  Defendants otherwise respectfully refer the Court to the cited request as the best evidence of its contents and deny any allegations consistent therewith.

43. Defendants admit that the cited FOIA request sought expedited processing. The remainder of this paragraph consists of Plaintiffs' legal conclusions or characterizations of statutes and regulations, to which no response is required. Defendants otherwise respectfully refer the Court to the cited request and the cited statutes and regulations as the best evidence of their contents and deny any allegations consistent therewith.

### *Defendant DOC Failed to Timely Respond to DDF's FOIA Request DOC-OS-2026-001004*

44. Defendants admit that, by letter dated February 13, 2026, Commerce acknowledged receipt of Plaintiff DDF's request and assigned it tracking number DOC-OS-2026-001004. Defendants respectfully refer the Court to the cited acknowledgement letter as the best evidence of its contents and deny any allegations consistent therewith.

45. Defendants respectfully refer the Court to the cited acknowledgement letter as the best evidence of its contents and deny any allegations consistent therewith.

46. Defendants respectfully refer the Court to the cited acknowledgement letter as the best evidence of its contents and deny any allegations consistent therewith.

47. Defendants respectfully refer the Court to the cited acknowledgement letter as the best evidence of its contents and deny any allegations consistent therewith.

48. Defendants admit that on March 13, 2026, Commerce received an email from DDF. Defendants respectfully refer the Court to the cited email as the best evidence of its contents and deny any allegations consistent therewith. Defendants admit that no phone call took place between Commerce and DDF.

49. Defendants admit that on March 16, 2026, Commerce responded to DDF's March 2026 email and provided an estimated completion date of March 2, 2027.

50.     This paragraph consists of Plaintiffs' characterization of Commerce's March 16, 2026 email.  Defendants respectfully refer the Court to the cited email as the best evidence of its contents and deny any allegations consistent therewith.

51.     Defendants admit that on March 17, 2026, Commerce received an email from DDF related to its FOIA request.  Defendants respectfully refer the Court to DDF's March 17, 2026 email as the best evidence of its contents and deny any allegations consistent therewith.

52.     Defendants admit that on March 18, 2026, Commerce responded to Plaintiff DDF's March 17 email reiterating that Commerce was unable to respond within the 20-day statutory window due to unusual circumstances.  Defendants respectfully refer the Court to Commerce's March 18, 2026 email as the best evidence of its contents and deny any allegations consistent therewith.

53.     Defendants admit that, as of the date the Complaint was filed, Commerce had not produced any records in response to DDF's February 10, 2026 request.

### DDF'S Feb. 10, 2026, FOIA Request to DOS, DHS, and USCIS

54.     Defendants admit that DDF submitted FOIA requests to DHS, State, and USCIS on February 10, 2026.  Defendants respectfully refer the Court to the cited requests as the best evidence of their contents and deny any allegations consistent therewith.

55.     Defendants admit that DDF's February 10, 2026 FOIA requests sought fee waivers. Defendants respectfully refer the Court the cited requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

56.     Defendants admit that DDF's February 10, 2026 FOIA requests sought expedited processing.  Defendants respectfully refer the Court the cited requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

*State Department Request F-2026-10969*

57.     Defendants admit that State acknowledged receipt of the cited FOIA request via letter dated February 18, 2026, that State assigned the request the tracking number F-2026-10969, and assigned the request to its complex processing track.

58.     Defendants admit that State's February 18, 2026 letter invoked FOIA's "unusual circumstances" exception.  With respect to the remaining allegations, Defendants respectfully refer the Court to State's February 18, 2026 letter as the best evidence of its contents and deny any allegations inconsistent therewith.

59.     Defendants admit that State's February 18, 2026 letter denied the requests for expedited processing and a fee waiver.  With respect to the remaining allegations, Defendants respectfully refer the Court to State's February 18, 2026 letter as the best evidence of its contents and deny any allegations inconsistent therewith.

60.     Defendants admit that DDF sent an administrative appeal via email dated March 2, 2026, and respectfully refers the Court to the cited email as the best evidence of its contents and denies any allegations inconsistent therewith.

61.     Defendants admit that State acknowledged receipt of DDF's appeal via email dated March 3, 2026 and assigned that appeal tracking number A-2026-00214.

62.     Defendants admit the allegations in the first and second sentences of this paragraph, respectfully refer the Court to the cited email as the best evidence of its contents, and deny any allegations inconsistent therewith.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

63.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

64. Defendants admit that, as of the date this action was filed, State had not yet produced responsive records in this case, and aver that State continues to process DDF's request.

### DHS Request 2026-HQFO-01801 & USCIS Request COW2026002062

65. Defendants admit that DHS and USCIS received FOIA requests from Plaintiff dated February 10, 2026. Defendants respectfully refer the Court to those requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

66. Defendants admit only that DHS uses an online tool, the SecureRelease Portal, to accept FOIA requests. Defendants aver that DHS began using this tool before January 22, 2026.

67. Defendants admit that Plaintiff submitted a FOIA request to DHS on February 10, 2026 through the SecureRelease Portal and DHS assigned that request tracking number 2026-HQFO-01801.

68. Defendants admit that, as of the date of the Complaint, DHS had not produced any records in response to the FOIA request.

69. Defendants aver that this paragraph contains Plaintiffs' characterization of USCIS's FOIA processing system, to which no response is required. To the extent a response is required, Defendants deny the allegations of this paragraph.

70. Defendants admit that USCIS received a FOIA request from DDF dated February 10, 2026. Defendants deny the remaining allegations of this paragraph.

71. Defendants admit that USCIS sent a letter to DDF dated April 3, 2026, regarding the referenced FOIA request. Defendants respectfully refer the Court to the cited letter as the best evidence of its contents and deny any allegations consistent therewith.

- 12 -

72. Defendants admit that, as of the date of filing of the Complaint, USCIS had not produced any records in response to DDF's FOIA request. Defendants deny the remaining allegations of this paragraph.

73. Defendants admit that, as of the date of filing of the Complaint, USCIS had not produced records responsive to the cited FOIA request. Defendants deny the remaining allegations of this paragraph.

### *DHS Request 2026-HQFO-01812 & USCIS Request COW2026002090*

74. Defendants admit that DHS and USCIS received FOIA requests from Plaintiff dated February 11, 2026.

75. Defendants admit that DHS and USCIS received FOIA requests from Plaintiff dated February 11, 2026. Defendants respectfully refer the Court to the cited requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

76. Defendants admit that the cited FOIA requests sought fee waivers. Defendants respectfully refer the Court to the cited requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

77. Defendants admit that the cited FOIA requests sought expedited processing. Defendants respectfully refer the Court to the cited requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

78. Defendants admit that Plaintiff submitted its February 11, 2026 FOIA request through the SecureRelease Portal and DHS assigned the request tracking number 2026-HQFO-01812. Defendants deny the remaining allegations in this paragraph.

79. Defendants admit that as of the filing of the Complaint, DHS had not produced any records in response to Plaintiff's February 11, 2026 FOIA request.

80.    Defendants admit that USCIS received a FOIA request from Plaintiff dated February 11, 2026, and assigned it request number COW2026002090.  Defendants deny the remaining allegations of this paragraph.

81.    Defendants admit that USCIS sent DDF a letter dated April 3, 2026.  Defendants respectfully refer the Court to the cited letter for a complete and accurate statement of its contents and deny any allegations inconsistent therewith.

82.    Defendants admit that the cited letter did not set a date on which a determination was expected.  Defendants deny the remaining allegations of this paragraph.

83.    Defendants deny the allegations of this paragraph.

84.    Defendants admit that, as of the date of filing of the Complaint, USCIS had not produced records responsive to the cited FOIA request.  Defendants deny the remaining allegations of this paragraph.

## CAUSES OF ACTION

### *Violation of the Freedom of Information Act, 5 U.S.C. § 552*

### *Count 1: Violation of Statutory Deadline*

85.    Defendants reallege and incorporate by reference all of the proceeding paragraphs of this Answer as if fully stated in this paragraph.

86.    This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent therewith.

87.    This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent with its plain text

88.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent with its plain text.

89.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent with its plain text.

### Colombo Hurd Request to USCIS COW2026000979

90.     Defendants admit the allegations of this paragraph.

91.     Defendants deny the allegations of this paragraph.

92.     Defendants admit that, as of the date of filing of the Complaint, USCIS had not produced records responsive to the cited FOIA request. This paragraph otherwise states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

93.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent with its plain text.

94.     This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent therewith.

### DDF FOIA Request to DOC DOC-OS-2026-001004

95.     Defendants admit the allegations of this paragraph.

- 15 -

96.    This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and the cited letter and deny any allegations inconsistent therewith.

97.    Defendants admit the allegations of this paragraph.

98.    Defendants admit that, as of the date the Complaint was filed, Commerce had not produced records in response to the request.

99.    This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

100.    This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent therewith.

<div align="center">DDF FOIA Request to DOS F-2026-11019</div>

101.    Defendants admit the allegations of this paragraph.

102.    Defendants admit that State claimed unusual circumstances in its acknowledgment letter dated February 18, 2026, and respectfully refers the Court to its acknowledgement as the best evidence of its contents.  The remainder of the paragraph consists of legal conclusions to which no response is required.

103.    Defendants admit the allegations of this paragraph.

104.    Defendants admit that as of the date this action, State had not yet produced responsive records in this case, and aver that State continues to process Plaintiff's request.

105.    This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

106.    This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent therewith.

### DDF FOIA Request to USCIS COW2026002062 & COW2026002090

107.    Defendants admit the allegations of this paragraph.

108.    This paragraph contains legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit only that USCIS invoked "unusual circumstances" in the referenced letter with respect to the cited FOIA request.

109.    Defendants admit the allegations of this paragraph.

110.    Defendants admit that, as of the date of the filing of the Complaint, USCIS has not provided records responsive to the cited FOIA request.  Defendants deny the remaining allegations of this paragraph.

111.    Defendants admit the allegations of this paragraph.

112.    This paragraph contains legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants admit only that USCIS invoked "unusual circumstances" in the referenced letter with respect to the cited FOIA request.

113.    Defendants admit the allegations of this paragraph.

114.    Defendants admit that, as of the date of the filing of the Complaint, USCIS has not provided records responsive to the cited FOIA request.  Defendants deny the remaining allegations of this paragraph.

115.    This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

116.    This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent therewith.

<div align="center">DDF FOIA Requests to DHS 2026-HQFO-01801 & 2026-HQFO-01812</div>

117.    Defendants admit the allegations of this paragraph.

118.    Defendants admit the allegations of this paragraph.

119.    Defendants admit that, as of the date of the Complaint, DHS had not made a determination with respect to Plaintiff's FOIA request.

120.    This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

121.    This paragraph states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent with its plain text.

### COUNT II: Defendant DOS's Failure to Respond to Plaintiff DDF's Appeal A-2026-00214

122.    Defendants reallege and incorporate by reference all of the proceeding paragraphs of this Answer as if fully stated in this paragraph.

123.    Defendants admit that DDF appealed State's denial of DDF's request for a fee waiver on March 2, 2026.  The remaining allegations in this paragraph are conclusions of law, to which no response is required.

124.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent with its plain text.

125.    Defendants admit the allegation in this paragraph.

126.    This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations.

127.    This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegation in this paragraph.

128.    This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent with its plain text.

**COUNT III: Failure to Grant Expedited Processing for Plaintiff DDF by All Defendants**

129.    Defendants reallege and incorporate by reference all of the proceeding paragraphs of this Answer as if fully stated in this paragraph.

130.    This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and to the cited FOIA requests and deny any allegations inconsistent therewith.

131.    Defendants admit the allegations of this paragraph.

132.    This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

133.    This paragraph states a legal conclusion to which no response is required. To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

134.    Defendants admit that State determined that DDF fell within the "news media" requester category, and respectfully refers the Court to State's acknowledgement letter dated February 18, 2026, as the best evidence of its contents. Defendants deny the remaining allegations of this paragraph.

135.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

136.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants respectfully refer the Court to the FOIA and deny any allegations inconsistent with its plain text.

137.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations of this paragraph.

## RELIEF SOUGHT

The remainder of the Complaint consists of Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs are entitled to the relief requested.

## DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of this litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

## FIRST DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA.

## SECOND DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.

**THIRD DEFENSE**

One or more of the FOIA requests, or subparts thereto, are not valid requests as they do not reasonably describe the records sought and also are invalid to the extent they would be unduly burdensome to process.  The request, or subparts thereto, also are invalid to the extent they are in the nature of a direction to an agency to conduct a search using specified search terms, or otherwise seek to impose obligations on the agency not required by FOIA.

**FOURTH DEFENSE**

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

**FIFTH DEFENSE**

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

**SIXTH DEFENSE**

Defendants' actions did not violate the FOIA or any other statutory or regulatory provision.

**SEVENTH DEFENSE**

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' response to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim. The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f). *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiffs' complaint that they would not otherwise be required to answer, and that are not material to Plaintiffs' FOIA claim,

would prejudice Defendants.”); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at \*11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

Dated:  June 17, 2026
        Washington, DC

<div style="margin-left:50%">

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:    */s/ Andrew J. Vaden*
    ANDREW J. VADEN
    Assistant United States Attorney
    D.C. Bar #1044860
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2437

*Attorneys for the United States of America*

</div>