UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DEMOCRACY DEFENDERS FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Civil Action No. 26-1230 (AHA) |

## JOINT STATUS REPORT

Pursuant to this Court's Standing Order, Plaintiffs Democracy Defenders Fund ("DDF") and Colombo Hurd PL and Defendants U.S. Department of Homeland Security ("DHS"), and its component, U.S. Citizenship and Immigration Services ("USCIS"); U.S. Department of State ("State"); and U.S. Department of Commerce ("Commerce") respectfully submit this joint report.

1. Plaintiffs' suit arises under the Freedom of Information Act ("FOIA"), and relates to several requests submitted by Plaintiffs to Defendants in January and February 2026. Defendants filed their Answer on June 17, 2026. This Court's Standing Order requires that the parties submit a report "addressing the status of [Plaintiffs'] FOIA request[s], including the anticipated number of documents responsive to the request[s] and the anticipated date(s) for release of the requested documents," by July 1, 2026.

## DEFENDANTS' POSITION

2. In this section, Defendants provide updates regarding their searches in response to Plaintiffs' FOIA requests and briefly respond to the requests for relief that Plaintiffs advance in their section of this report.

3. **Requests to DHS** (2026-HQFO-01801; 2026-HQFO-01812).  DHS reports that searches in response to both requests are underway.  DHS anticipates completing those searches by July 31, 2026.

4. **Requests to USCIS** (COW2026000979; COW2026002062; COW2026002090).  USCIS reports that its preliminary searches in response to requests -979 and -062 are complete and that processing of the potentially responsive records identified by those searches is underway.  USCIS expects to make its first production in response to those requests on or about July 6, 2026.  USCIS informed Plaintiff DDF via letter dated April 22, 2026 that USCIS was closing request -090 on the ground that it does not adequately describe the records sought and to the extent it describes records, it is unduly burdensome.

5. **Request to State** (F-2026-10969).  State reports that searches for records potentially responsive to DDF's request are underway, and that to date those searches have identified approximately 3,900 potentially responsive records.  That number may change as State finalizes its searches and reviews records for relevancy.  After the searches are complete, State expects to confer with Plaintiffs on potential ways to narrow the universe of potentially responsive records to facilitate expedient processing of Plaintiff's request.

6. **Request to Commerce** (DOC-OS-2026-001004).  Commerce reports that searches for records potentially responsive to DDF's request are underway, and that to date those searches have identified nearly 7,000 potentially responsive records.  Based on this volume, Commerce anticipates scheduling a meet-and-confer with Plaintiffs to seek to narrow the scope of the request or agree on search terms.  Commerce is not yet able to estimate the date for completion of searches or the final production of any responsive, non-exempt documents because searches are ongoing.

7.     **Response to Plaintiffs' Proposed Orders.**  Plaintiffs, in their section of this report, request that the Court order Defendants to "complete an initial determination" as to some 4,000 pages (1,000 for each Defendant) in approximately four weeks' time.  Plaintiffs further request that the Court order each Defendant to "produce an additional 500 pages every fourth Wednesday thereafter, prioritizing the materials identified by Plaintiffs."  Defendants respectfully submit that these requests lack merit and are procedurally improper.

8.     First, Plaintiffs' FOIA requests were submitted in January and February 2026. Compl. ¶¶ 34, 41, 54, 65, 74.  Defendants respectfully submit that in light of the substantial number of earlier-filed FOIA requests currently awaiting action by the Defendant agencies, Plaintiffs' proposed orders would improperly move Plaintiffs to the front of the queue to the detriment of other FOIA requestors whose requests have been pending longer.  *See Cheng v. Blinken*, Civ. A. No. 23-2602 (JDB), 2024 WL 4345831, at *9 (D.D.C. Sept. 30, 2024) ("[J]udges routinely conclude that a judicial order putting one party 'at the head of the queue simply moves all others back one space and produces no net gain.'" (quoting *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 343 (D.C. Cir. 2023))).  Plaintiffs' effort to "jump the queue in front of other requesters who have been waiting patiently for the agency's response to their requests" should be rejected as unwarranted.  *Zorn v. DOJ*, Civ. A. No. 24-3360 (CRC), 2025 WL 35929, at *3 (D.D.C. Jan. 6, 2025) (quoting *Am. Oversight v. Dep't of State*, 414 F. Supp. 3d 182, 184–85 (D.D.C. 2019)) (rejecting plaintiff's request); *see also Greenspan v. Exec. Off. for U.S. Att'ys*, Civ. A. No. 23-1816 (BAH), 2023 WL 12137661, at *1–3 (D.D.C. Nov. 21, 2023) (same).

9.     Second, Plaintiffs' eleventh-hour request for relief should be rejected for the additional reason that it is improper in a joint status report, as "[a] request for a court order must be made by motion," Fed. R. Civ. P. 7(b)(1), which affords the non-moving party notice and a

meaningful opportunity to gather facts and legal authorities in opposition to the request. *See* L. Civ. R. 7(b). This, in turn, would facilitate the orderly presentation of the issues for a considered decision by this Court.

10.     Defendants propose to submit a joint status report in ninety days, and every ninety days thereafter, to apprise the Court of developments in this litigation.

**PLAINTIFFS' POSITION**

11.     Since Plaintiffs filed this litigation on April 13, 2026, 79 additional days have passed. Despite extending Defendants' time to Answer this litigation, no materials responsive to Plaintiffs' FOIA requests have been produced, and no Defendant has completed its initial search for responsive records.

12.     Plaintiffs contest USCIS's conclusion, reached after this lawsuit was filed, that FOIA request -2090 was improper, and notes that the same language was used in request 2026-HQFO-01812 which is being processed by DHS. DDF has requested to speak with the agency regarding interpretation of this request and, if unable to reach agreement, intends to pursue partial summary judgment regarding this matter.

13.     Plaintiffs have informed Defendants which records they would like the agencies to prioritize for processing and disclosure, specifically:

a. COW2026000979: policies and memoranda for adjudicators of Gold Card applications

b. DOC-OS-2026-001004: parts 1 (information about gifts received in aggregate) and 5 (compilation of data relating to the Gold Card Visa program)

c. F-2026-10969, 2026-HQFO-01801, & COW2026002062: parts 1 (final documents approving the Gold Card program), 3 (final policies and guidance for application

- 4 -

- 5 -

intake), 4 (processing instructions), 5 (Gold Card-specific trainings), 6 (staffing), 10 (standard workflow and decision criteria), and 11 (periodic program data).

14.     Plaintiffs request that this Court issue an order that each Defendant complete an initial determination on at least 1,000 pages by July 29, 2026, and produce an additional 500 pages every fourth Wednesday thereafter, prioritizing the materials identified by Plaintiffs. These materials are final documents, instructional memoranda, trainings, or straightforward data collections not implicating detailed law or policy considerations, interagency coordination, or other complicating factors. One thousand pages, around 36 per day, is eminently reasonable given the delay in commencing production and the public's pressing need for this information.

15.     Plaintiffs propose the parties should submit an additional joint status report in 30 days, appraising the Court of developments in this litigation. Because Defendants have only shared information concerning Plaintiffs' requests the day before this report was due, Plaintiffs believe more frequent reporting cycles should accelerate resolution of preliminary matters including clarification of searches, narrowing, and deduplication. Once these issues have been resolved and a schedule set for production, Plaintiffs will agree to 90 day reporting periods.

*     *     *

Dated: July 1, 2026

Kevin H. Bell, DC Bar # 90015600
kevin@freeinformationgroup.com

Ginger McCall, DC Bar # 1001104
ginger@freeinformationgroup.com

FREE INFORMATION GROUP, PLLC
1100 13th St. NW, Ste. 800
Washington, DC 20005
(202) 946-3642

Craig Becker
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Avenue SE, No. 15180
Washington, DC 20003
(202) 594-9958
craig@democracydefenders.org

SARAH S. WILSON
DAVID KIM
COLOMBO HURD PL
301 E. Pine Street #450
Orlando, Florida 32801
(407) 478-1111
swilson@colombohurd.com

*Attorneys for Plaintiffs*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

  */s/ Andrew J. Vaden*
ANDREW J. VADEN, D.C. Bar #1044860
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2437

*Attorneys for the United States of America*